# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES GADDY, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV415-016 |
| UNITED STATES OF AMERICA, | ) ) ) | CR488-032 |
| Respondent. | ) ) | |

## REPORT AND RECOMMENDATION

James Gaddy has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal prison sentence. (Doc. 1.[1]) Upon preliminary review under Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts, this case should be dismissed as untimely.

On March 10, 1989, this Court sentenced James Gaddy to life imprisonment for, *inter alia*, kidnapping and murdering Alex Sparks. *United States v. Gaddy*, 894 F.2d 1307, 1310 (11th Cir. 1990). The

---

[1] Unless otherwise noted, citations are to the docket in Gaddy's civil § 2255 case, number CV415-016. "Cr. doc." refers to documents filed under his criminal case, CR488-032. Additionally, page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

Eleventh Circuit affirmed his conviction and sentence on February 20, 1990. *Id.* He did not file a petition for a writ certiorari in the United States Supreme Court. (Doc. 1 at 2.) This is Gaddy's first 28 U.S.C. § 2255 petition.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") "imposes a one-year statute of limitations on all federal habeas corpus petitions." *San Martin v. McNeil*, 633 F.3d 1257, 1265 (11th Cir. 2011). Gaddy, a pre-AEDPA convict, had until April 24, 1997 -- one year after AEDPA's effective date -- to file for § 2255 relief or otherwise toll the limitation period. *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1154 (11th Cir. 2014); *Moore v. Campbell*, 344 F.3d 1313, 1319-20 (11th Cir. 2003). Gaddy's § 2255 motion is thus untimely by many years.

Gaddy contends that he did not discover until October 7, 2014 that his lawyer failed to appeal certain sentencing errors. (Doc. 1 at 22.) He contends that this new "fact" entitles him to proceed under 28 U.S.C. § 2255(f)(4), which runs the one-year limitation period from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." But this contention is

2

simply not believable. Gaddy had access to the appellate opinion for decades. It is clear from the Eleventh Circuit's 1990 opinion itself the claims that his lawyer raised on appeal. He has also failed to offer any reason to believe that he exercised due diligence in seeking out a copy of his appellate brief. (Doc. 1 at 22-23.) Gaddy, it seems, has simply discovered a new legal theory he wishes to employ to attack his sentence, but his belated recognition of that theory does not constitute a discoverable fact for purposes of § 2255(f)(4). *See Barreto-Barreto v. United States*, 551 F.3d 95, 100 n.4 (1st Cir. 2008) (the discovery of a new legal theory does not constitute a "fact" under § 2255(f)(4); *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (the date on which prisoner "understands what legal theories are available" does not constitute "the date on which the factual predicate of the claim or claims presented could have been discovered"). It is plain that Gaddy failed to exercise due diligence here. He waited *twenty five years* to seek out and read the appellate brief in his case.

Federal district courts are empowered pursuant to Rule 4 to raise the AEDPA statute of limitation *sua sponte* and dismiss those actions that

3

are time-barred. *Jackson v. Sec'y for Dept. of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002). As the instant petition is untimely, it should be **DISMISSED**. Additionally, applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis status* on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 20th day of April, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA