UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES GADDY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV415-016 |
| | ) | CR488-032 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Plaintiff James Gaddy moves for (1) leave to appeal *in forma pauperis* ("IFP") (doc. 16);[1] (2) a certificate of appealability ("COA") (docs. 12 & 15); and (3) reconsideration of the Court's Order adopting the Magistrate Judge's report and recommendation (R&R) (doc. 17). All four motions fail.

A litigant cannot proceed *in forma pauperis* on appeal if the trial court certifies that the appeal is not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A). Not taken in good faith means frivolous, *see Coppedge v. United States*, 369 U.S. 438, 445 (1962), which in turn means "without arguable merit either in law or fact."

---

[1] All citations are to the docket in CV415-016 and page numbers are those imprinted by the Court's docketing software.

*Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002); *see also Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009).

Moreover, prisoner litigants denied habeas relief can't appeal, IFP or otherwise, unless they:

> first seek and obtain a COA ..." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *see* 28 U.S.C. § 2253(c). A low but non-trivial standard governs the Court's decision whether to issue a COA. Specifically, the Court will issue a COA "where a petitioner has made a substantial showing of the denial of a constitutional right." *Miller-El*, 537 U.S. at 336, 123 S.Ct. 1029 (internal quotations omitted); *see* 28 U.S.C. § 2253(c)(2). Petitioner "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336, 123 S.Ct. 1029 (internal quotations omitted).

*Bradley v. United States*, 7 F. Supp. 3d 1272, 1273 (S.D. Ga. 2014).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Evans v. United States*, 2013 WL 1911480 at * 1 (S.D. Ga. May 8, 2013) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

The Court denied Gaddy's 28 U.S.C. § 2255 motion[2] as untimely (docs. 2 & 9) because he filed it almost *twenty-five years* after his conviction and sentence became final, see *United States v. Gaddy*, 894 F.2d 1307, 1310 (11th Cir. 1989), and almost eighteen years after the statute of limitations expired.[3] To justify that lengthy delay, Gaddy claims that, despite exercising due diligence, he only learned of appellate counsel's failure to challenge his life sentence in October 2014 when the Eleventh Circuit sent him a copy of the brief counsel filed on his behalf in 1989. *See* doc. 1 at 10 (citing 28 U.S.C. § 2255(f)(4) (one year limitation period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence"). That's a tepid, and legally insufficient, justification.

---

[2] Gaddy raised claims of ineffective assistance of appellate counsel. He claimed that his attorney failed to appeal the imposition of a life sentence, never "communicate[d], consult[ed] or g[a]ve [him] a chance for input into the appellate brief," and in fact never spoke with Gaddy again after the Court imposed its sentence on March 10, 1989. *See* doc. 1 at 6-7.

[3] As noted in the R&R, "Gaddy, a pre-AEDPA convict, had until April 24, 1997 -- one year after AEDPA's effective date -- to file for § 2255 relief or otherwise toll the limitation period. *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1154 (11th Cir. 2014)." Doc. 2 at 2.

Gaddy received a copy of the appellate opinion -- which never discussed Gaddy's life sentence other than to affirm it -- in April 1990, just two months after it issued. Doc. 1 at 8. Given counsel's alleged lack of communication and failure to consult Gaddy about the appeal, doc. 1 at 7, circumstances Gaddy was well aware of at the time he received the opinion, the appellate decision should have raised red flags that led him to investigate and pursue post-conviction relief. He had ten months after reading the opinion to do that. But he didn't. Instead, he inexplicably waited until March 2014 to take any action at all regarding his sentencing claims, *id.* at 9, and until January 22, 2015 to file his § 2255 motion.[4] Doc. 1.

Faced with no explanation for Gaddy's eighteen-year delay in filing the present motion, no jurist of reason would find it debatable whether the Court correctly concluded that his motion was untimely. *Slack*, 529 U.S. at 484; *see also Stone v. Medlin*, 2013 WL 607692 at * 2 (S.D. Ga. Feb. 19, 2013) (no debatability in denial of § 2254 petition as

---

[4] In one of his motions for a certificate of appealability, Gaddy appears to claim that he knew of his attorney's alleged errors as early as 2012, since it was then that he "submitted a motion in his criminal case . . . to correct his illegal sentence." Doc. 15 at 2. Even measuring the limitations period from that date instead of when his conviction became final, his motion, filed January 22, 2015 (doc. 1), came at least two years too late.

4

untimely where sixteen-day delay in filing stood unexplained) *Marshall v. Holt*, 2014 WL 2711942 at * 6 (N.D. Ga. June 13, 2014) (no reasonable jurist would disagree that five-year delay in filing habeas petition rendered petition untimely, where prisoner's only explanation for delay was blindness). Furthermore, he makes no argument with legal or factual merit that undermines that conclusion.

The Court, therefore, certifies that any appeal would not be taken in good faith and so **DENIES** leave to appeal IFP. Doc. 16. Since no jurist of reason could debate the Court's denial of Gaddy's § 2255 motion as untimely, it also **DENIES** Gaddy's request for a COA (docs. 12 & 15), and his motion for reconsideration.[5] Doc. 17.

SO ORDERED this ___ day of August, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[5] "Reconsideration may be necessary if there is (1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice. *Jersawitz v. People TV*, 71 F.Supp.2d 1330, 1344 (N.D.Ga.1999)." *Spencer v. St. Joseph's/Candler Health Sys., Inc.*, 2007 WL 1615117 at * 2 (S.D. Ga. June 4, 2007). None of those circumstances exist here.